

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
12/31/2013

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| ROBERT G. BELL and | ) CASE NO. 11-30402-H3-13 |
| MARY C. BELL, | ) |
| | ) |
| Debtors, | ) |
| | ) |

MEMORANDUM OPINION

The court has held a hearing on the "Debtor(s)' Motion to Modify Confirmed Plan" and the Objection (Docket No. 87) filed by Citimortgage, Inc. The court has also considered the joint stipulation of facts filed by the parties. (Docket No. 92). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Robert G. Bell and Mary C. Bell ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 8, 2011.

Prior to 2007, Debtors acquired a homestead, located at 2406 Foxfire Cir., Highlands, Texas, and, on the petition date in the instant case, occupied the property as their principal

residence.

The parties have stipulated that on January 30, 2007, Debtors executed a Texas Home Equity Note, in the original principal amount of $70,140.56, and a Texas Home Equity Security Agreement.  Debtors are not personally liable on the note. Citimortgage, Inc. ("Citi") can enforce its rights under the note solely against the property.

On June 29, 2011, Debtors filed their amended plan. The plan provided for Citi's secured claim under paragraph 4.A., which provides:

> 4. Secured Claim For Claim Secured Only by a Security Interest in Real Property That is the Debtor(s)' Principal Residence (Property to be Retained) or Other § 1322(b)(5) Claim. Check Either A or B, below:[1]
>
> A. The following table sets forth the treatment of each class of secured creditors holding a claim secured only by a security interest in real property that is the debtor(s)' principal residence or other claim treated under § 1322(b)(5).  The amount listed as the "Principal Amount of Claim for Arrearage" is the amount proposed by the debtor(s) in this Plan.  If the actual allowed claim is in a different amount, the amount paid pursuant to this Plan shall be the amount due on the actual amount of the allowed claim without the need of an amended plan.  The amount listed as "Amount of Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.
>
> [Table omitted, showing an arrearage of $3,295.48, and regular monthly mortgage payments of $769.67.]
>
> Payment of the arrearage amounts shall constitute a cure of all defaults (existing as of the petition date) of the debtor(s)' obligations to the holder of the

---

[1] Debtors checked the box marked "A."

2

>secured claim.
>
>The Secured Claims held by secured creditors holding a claim secured only by a security interest in real property that is the debtor(s)' residence (other than the arrearage claims set forth in the above table) and other claims treated under § 1322(b)(5) will be paid in accordance with the pre-petition contract held by the holder of the secured claim. The first such payment is due on the first payment due date under the promissory note (after the date this bankruptcy case was filed). During the term of the plan, these payments will be made through the chapter 13 trustee in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b).  Each holder of a claim that is paid pursuant to this paragraph must elect to either (i) apply the payments received by it to the next payment due without penalty under the terms of the holder's pre-petition note; or (ii) waive all late charges that accrue after the order for relief in this case.  Any holder that fails to file an affirmative election within 30 days of entry of the order confirming this plan has waived all late charges that accrue after the order for relief in this case. Notwithstanding the foregoing, the holder may impose any late charge that accrues following an event of default of a payment due under paragraph 1 of this Plan.
>
>The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).
>
>The Debtor must provide the information required by the chapter 13 trustee pursuant to the Home Mortgage Payment Procedures, prior to 5 business days after the date this Plan is proposed.

(Docket No. 50).

The plan was confirmed by order entered on July 1, 2011 (Docket No. 57).

Debtors have made payments to the Chapter 13 Trustee since 2011.  Debtors and Citi have stipulated that the Chapter 13

Trustee had $26,932.14 on hand, as of November 26, 2013, associated with the instant case.

Prior to September 20, 2013, Citi had not filed a proof of claim in the instant case. On September 20, 2013, Citi filed a proof of claim, in the amount of $63,740.98. Citi has subsequently filed a notice of postpetition fees, expenses, and charges indicating total charges of $325.00. (Docket No. 78).

On September 25, 2013, Debtors filed the instant m tion to modify. In the instant motion, Debtors seek to surrender the home in full satisfaction of the secured claim of Chase. Chase objects, asserting that it is entitled to the funds paid by Debtors to Trustee under the plan, and not previously disbursed by the Trustee. The proposed modified plan calls for Debtors to make monthly payments of $1,527.06 to the Chapter 13 Trustee.

## Conclusions of Law

The instant case presents a question of first impression as to the treatment of a Chapter 13 plan modification to surrender the debtor's principal residence to the holder of a claim secured only by a security interest in the residence. Section 1329 of the Bankruptcy Code provides:

> Sec. 1329. Modification of plan after confirmation
>
> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to -

>   (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>   (2) extend or reduce the time for such payments;
>   (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
>   (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor (and for any dependent of the debtor if such dependent does not otherwise have health insurance coverage) if the debtor documents the cost of such insurance and demonstrates that -
>
>>   (A) such expenses are reasonable and necessary;
>>   (B)(i) if the debtor previously paid for health insurance, the amount is not materially larger than the cost the debtor previously paid or the cost necessary to maintain the lapsed policy; or
>>   (ii) if the debtor did not have health insurance, the amount is not materially larger than the reasonable cost that would be incurred by a debtor who purchases health insurance, who has similar income, expenses, age, and health status, and who lives in the same geographical location with the same number of dependents who do not otherwise have health insurance coverage; and
>>   (C) the amount is not otherwise allowed for purposes of determining disposable income under section 1325(b) of this title;
>
>   and upon request of any party in interest, files proof that a health insurance policy was purchased.
>
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
>
> (2) The plan as modified becomes the plan unless, after

>notice and a hearing, such modification is disapproved.
>
>(c) A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C. § 1329.

Section 1322(b)(2) of the Bankruptcy Code provides that the Debtors may modify the rights of holders of secured claims in the plan, "other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2).

Section 1322(b)(5) of the Bankruptcy Code provides that the Debtors may, notwithstanding Section 1322(b)(2), "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5).

Section 1325(a)(5) of the Bankrupty Code provides:

(a) Except as provided in subsection (b), the court shall confirm a plan if -

\* \* \*

   (5) with respect to each allowed secured claim provided for by the plan -

      (A) the holder of such claim has accepted the plan;

      (B)(i) the plan provides that -
         (I) the holder of such claim retain the lien securing such claim until the earlier of -
            (aa) the payment of the underlying debt determined under nonbankruptcy law; or
            (bb) discharge under section 1328; and
         (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
      (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
      (iii) if -
         (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
         (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
      (C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5).

In the instant case, the proposed modified plan satisfies Section 1325(a)(5) of the Bankruptcy Code, because it provides for surrender of the property securing the claim to the holder in satisfaction of its secured claim.

There are several courts which have held, with respect to Section 1322(b)(2) of the Bankruptcy Code, that a postpetition modification may not be used to surrender a primary residence and alter the amount of distribution on the secured claim, because such a modification would impermissibly alter the creditor's rights under the note and mortgage.  In re Kurtz, 2013 WL 6183110 (Bankr. D. Colo. 2013); In re Starnes, 208 B.R. 688 (Bankr. E.D. Ark. 1997).

The cases addressing surrender with respect to a mortgage are inapposite to the instant case, because Debtors are not personally liable on the underlying note.  In the instance of a typical mortgage foreclosure, the lender may be able to bring suit against the borrower for collection of a deficiency.  See Tex. Prop. Code § 51.003.  Thus, the conversion of the secured claim of a lender to an unsecured claim would violate the prohibition in Section 1322(b)(2) of modification of the rights of the holder of a loan secured solely by real property that is the debtor's principal residence.  However, in the instant case, Debtors are not personally liable on the underlying note. Debtors would not be liable for a deficiency, in the event of a

foreclosure by the lender. Thus, the modification of the plan to provide for surrender of the principal residence does not violate Section 1322(b)(2)'s prohibition. The court concludes that the proposed modification should be approved.

Based on the foregoing, a separate Judgment will be entered granting the "Debtor(s)' Motion to Modify Confirmed Plan" (Docket No. 87).

Signed at Houston, Texas on December 31, 2013.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE